UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CURT G. CORTOPASSI,                                              No. 08-11397

Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

Creditor Julie Eaker holds a state court judgment against Chapter 13 debtor Curt Cortopassi. For $1,511,909.00 for personal injuries. She has moved to dismiss the case on grounds that her claim alone makes Cortopassi ineligible for Chapter 13 because it exceeds the debt limit for eligibility set forth in § 109(e) of the Bankruptcy Code. Cortopassi objects, arguing that the Eaker claim, which he has appealed, is either contingent or unliquidated and therefore not counted towards eligibility under § 109(e).

The law on this issue was clearly stated in *In re Vidal*, 2004 WL 2656893 (S.D.Fla.,2004):

Most, if not all courts, considering this issue have concluded that an otherwise final judgment for an amount certain, is not rendered as "contingent" or "unliquidated" merely because an appeal has been filed and is prosecuted during the Chapter 13 case. *Gould v. Gregg, Hart, Farris & Rutledge*, 137 B.R. 761 (W.D.Ark.1992)(pendency of appeal of attorney's fees did not make debt contingent); *In re Albano*, 55 B.R. 363 (N.D.Ill.1985)(pendency of appeal did not render debt reduced to judgment unliquidated and contingent within meaning of Bankruptcy Code); *In re Slomnicki*, 250 B.R. 531 (Bankr.W.D.Penn.2000); *In re Cluett*, 90 B.R. 505 (Bankr.M.D. Fla 1988)(pendency of appeal of state court judgment against debtors for $412,000 did not make judgment debt unliquidated contingent debt so as to be excluded from computation of unsecured or secured debt limitations on eligibility for relief under Chapter 13).

Cortopassi has cited no case holding otherwise. The sole authority upon which he relies is an issue preclusion case and has nothing to do with interpretation of § 109(e).

For the foregoing reasons, the motion to dismiss will be granted.  Counsel for Eaker shall submit an appropriate form of order.

Dated:  November 9, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

2